UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN EDWIN GARRISON,

Plaintiff,

v.

JAMES MEYERS, VIRGIL ANDERSON JR., JOHNNY MORRIS, CRAIG KIEBACH, JAMES LUPIENT, and KEVIN COMMON,

Defendants.

Civil No. 02-207 (JRT/FLN)

REPORT AND RECOMMENDATION

THIS MATTER has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The matter is presently before the Court for review of Plaintiff's pro se complaint and application for leave to proceed in forma pauperis ("IFP"). For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3), and that Plaintiff's IFP application be denied.

**I. BACKGROUND**

This action arises out of an automobile-pedestrian accident that apparently occurred in 1988. Plaintiff alleges that he was struck by a truck while walking across a street. He claims that while he initially believed he had been hit by accident, he later came to believe that the truck ran into him deliberately. According to the complaint, the "accident" actually was brought about by a sinister conspiracy instigated by Defendant James Meyers. Plaintiff alleges that the parties who purportedly "arranged" the accident also conspired amongst themselves, and with other parties, to cover up the true nature of the accident. It is further alleged that the various conspirators have harassed Plaintiff and attempted to

FILED FEB 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

"ruin [his] reputation."

Plaintiff is now trying to sue six of the parties who allegedly were involved in the conspiracy perpetrated against him. (The complaint does not describe any of the roles that any of the Defendants allegedly played in the alleged conspiracy.) He claims that Defendants have committed various torts against him, and have violated his rights to privacy, freedom of religion, and freedom of speech. He also claims that Defendants have "wrongly discriminated against" him. The only relief that Plaintiff has requested is for "help from the judicial system to bring some kind of closure to this issue so that [he] and [his] family members can move on with [their] lives."

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991).

Even with the benefit of the liberal construction that is required in pro se cases, (see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), it is readily apparent that Plaintiff's present complaint does not state any claim that can be entertained in federal court. The complaint clearly indicates that Plaintiff is trying to bring a tort claim against Defendants for injuries that allegedly were caused, directly or indirectly, by his 1988 traffic accident. Such a claim might be cognizable under state law, but the complaint does not suggest any type of claim based on federal law.[1]

---

[1] The Court does not mean to suggest that Plaintiff has actually pleaded a viable tort claim that could be prosecuted in state court. Indeed, it seems virtually certain that if

The Court has not overlooked Plaintiff's references to "privacy," "freedom of religion," "freedom of speech," and "discriminat[ion];" but the inclusion of those words and phrases, without more, does not create a cause of action based on federal law. Plaintiff has not pleaded any specific historical factual allegations, which, if true, would demonstrate that one or more of the named Defendants violated his rights under federal law or the Constitution. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Furthermore, it does not appear that any of the named Defendants is a state actor, (i.e., a government official), which is generally required to state a cause of action for an alleged violation of the constitutional rights listed in Plaintiff's complaint. See Montano v. Hedgepeth, 120 F.3d 844, 847 (8th Cir. 1997) (the First Amendment "[l]ike most other constitutional provisions,... erects a shield exclusively against governmental misconduct... [and] provides no protection against private behavior, no matter how egregious") (emphasis added).

Because Plaintiff has not identified, and the Court cannot independently discern, any claim for relief based on federal law, federal subject matter jurisdiction is missing in this

---

Plaintiff were to file his current complaint in a Minnesota state court it would not survive a motion to dismiss based on (i) a statute of limitations defense, (ii) lack of personal jurisdiction (as to most of the defendants), and/or (iii) failure to plead sufficient factual allegations.

action.[2] The action must therefore be dismissed pursuant to Fed. R. Civ. P. 12(h)(3). It follows that Plaintiff's IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B).

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(h)(3); and

2. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**.

Dated: February 12, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[2] Federal jurisdiction cannot be invoked based on diversity of citizenship, (see 28 U.S.C. § 1332), because the complaint expressly indicates that Plaintiff and at least two of the named Defendants are residents of Minnesota.